# DISTRICT OF COLUMBIA *v.* GARRISON.

FOOD ADULTERATION; SAMPLE; SALE OF; POLICE REGULATIONS; EVIDENCE.

The police court in a prosecution of a milk dealer for the violation of sec. 6 of the act of Congress of February 17, 1898, 30 Stat. at L. 246, chap. 25, requiring every dealer in certain drugs and articles of food to sell, on demand of an agent of the health department, a sample of the same sufficient for the purpose of analysis, properly finds the defendant not guilty, where it appears that he refused to sell a half pint of milk on demand of an inspector of the health office, on the ground that he did not sell milk in any quantity less than a pint, and then only in original bottles as received from the dairy, but offered to sell him a pint bottle of milk. The statute requires a reasonable sample to be sold, and under such circumstances a pint is such a sample.

No. 1535.  Submitted May 4, 1905.  Decided May 23, 1905.

IN ERROR to the Police Court of the District of Columbia.
*Judgment affirmed.*

The COURT in the opinion stated the case as follows:

The appellee, Bushrod T. Garrison, was arraigned in the police court of the District for refusing to furnish to an inspector of the health department a sample of milk, in which article he was a dealer, sufficient for the purpose of analysis, in alleged violation of the act of Congress of February 17, 1898, 30 Stat. at L. 246, chap. 25, enacted for the prevention of adulteration of drugs or articles of food. The section of the act, which is the portion charged to have been violated, is in the following words:

"Sec. 6. That every person offering for sale or delivering to

any purchaser any drug or article of food included in the provisions of this act shall furnish to an analyst or other officer or agent of the health department, who shall apply to him for the purpose and shall tender him the value of the same, a sample sufficient for the purpose of analysis of any such drug or article of food which is in his possession."

The facts of the case are sufficiently shown by the bill of exceptions taken at the trial in the police court, which, as it is most commendably short, may here be transcribed in full. It is as follows:

"Be it remembered that, at the trial of this cause, the District of Columbia, to maintain the issue on its part joined, called as a witness one R. A. Guerrant, an inspector of the health department of the District of Columbia, who, after being duly sworn, testified in substance as follows:

"That on the 23d day of February, A. D. 1905, he called at the defendant's store, and stated to him that he, the said Guerrant, was an inspector of the health department of the District of Columbia, and demanded of the said defendant a half pint of milk for the purpose of making an analysis of the said milk, the said defendant being then and there a dealer in milk; and then and there tendered to said defendant the value in money of the half pint of milk, and that thereupon the defendant refused to sell him a half pint of milk, informing him that he did not sell milk in any quantity less than one pint, and then and there he placed a pint bottle of milk on the counter and offered to sell it to him; that he did not see any bottled in vessels containing less than one pint, and that all the bottles containing milk were sealed by a pulp paper cap.

"Thereupon the District of Columbia closed its case, and the defendant, to maintain the issue on his part joined, testified on his own behalf, after having been duly sworn, substantially as follows:

"That he was, on said 23d day of February, A. D. 1905, engaged in the grocery business in the District of Columbia, and that he sold milk, but that for over a year he had not sold it

except in the original bottle as received from the dairy; and that they consisted of pints and quarts, and were sealed by a pulp paper cap; that for the past year he had never sold less than a full bottle, and that if he had been forced to sell the inspector a half bottle he would have lost the other half, as he did not use milk personally and would not have offered it for sale, as his customers understood he did not sell milk in quantities less than one pint.

"This was all the evidence in the case, and thereupon counsel for the defendant moved the court to find the defendant not guilty, and rule as a matter of law that the act of Congress for a violation of which the defendant was charged in the information is unconstitutional and void, because it is an attempt to deprive the citizen of his property without due process of law, and that Congress did not mean that said act should be so understood.

"And the court so ruled, and found the defendant not guilty, to which said ruling and judgment counsel for the District of Columbia then and there duly excepted, etc., etc., etc."

Thereupon the District of Columbia sought and was allowed a writ of error to remove the cause to this court, and the cause is now here upon such writ.

*Mr. Andrew B. Duvall,* Corporation Counsel, and *Mr. Francis H. Stephens,* Assistant, for the appellant.

*Mr. Charles F. Diggs* for the appellee.

Mr. Justice Morris delivered the opinion of the Court:

The fact does not appear in the record, but it does appear in the briefs and oral arguments of counsel in the cause, and it is conceded, that the value of a pint of milk is 4 cents, and the value of a half pint is 2 cents. The amount tendered by the inspector in this case was 2 cents for the sample of a half pint which he desired, and the appellee tendered him a pint for

4 cents. So it appears that this whole controversy is over the sum of 2 cents; and the time of this court has been wasted, and the money of the United States and the people of the District of Columbia to the extent, at least, of five hundred times the amount involved, has been needlessly expended over a matter which the slightest amount of common sense should have dictated as improper to be made a subject of litigation. Nor is there any question whatever of principle involved in the case. If there were, the ridiculously small amount of money involved might be overlooked. But there is no such question. And we must say that, if this court had fully understood the scope of appellant's application for a writ of error, the writ would not have been allowed.

It is true that it is said that this is a test case, and that the question of the constitutionality of the statute has been suggested. But there is no good ground for making any test case here; and only in the frivolous and absurd procedure of the District officials is there any basis for the theory of unconstitutionality of the section of the statute here in question. The statute is sensible and proper enough; and it is an enactment sanctioned by the experience of many, perhaps most, of the States of our Union, and fully justified by the police power vested in the State to provide for the public welfare. Nor was it contested by the appellee that the State *is* entitled to demand reasonable samples of drugs and articles of food for the purpose of analysis, upon payment of their value. On the contrary, he tendered to the inspector a reasonable sample, and it was refused. The difference in bulk and value between a pint and a half pint of milk, required for the purpose of analysis, is too insignificant as a matter upon which to base a penal prosecution. A reasonable sample is what is required by the act of Congress. Under the circumstances of this case a pint was a reasonable sample, and a half pint was not such a reasonable sample. The appellee was fully within his right, and fully performed his duty in tendering the former; the inspector was wholly at fault in de-

manding the latter and insisting upon it against the will of the appellee.

What may or may not be a reasonable sample is a question for which perhaps no positive rule can be laid down applicable to all cases. This is not for the determination exclusively either of the inspector or the dealer. The act requires that it shall be "sufficient for the purpose of analysis," but it is not competent for the inspector to require, because he thinks a half pint of milk sufficient to enable him to make a satisfactory analysis of such milk, that therefore the dealer must sell him such half pint, when thereby the value of another half pint would be destroyed or lost to the dealer, and the dealer is willing to sell an entire pint at an additional cost of merely 2 cents to the inspector.

The Police Court was entirely right in the judgment which it rendered in this case, and it would have been error to render any different judgment. Its decision must be affirmed. And it is so ordered.                                    *Affirmed.*